UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x
UNITED STATES OF AMERICA        :   Crim. No. 3:23CR151 (KAD)
                                :
                                :
    v.                          :
                                :
                                :
JOSE DE JESUS VEGA-CERVANTES    :   May 7, 2024
                                :
---------------------------------------------------------x

### FINDINGS AND RECOMMENDATION ON A PLEA OF GUILTY

The captioned matter was referred to the undersigned and a hearing pursuant to Fed. R. Crim. P. 11 was conducted on May 7, 2024, in person and on the record with the aid of a Spanish interpreter, and with the written consent of the defendant, counsel for the defendant and counsel for the United States, regarding the defendant's request to enter a plea of "Guilty" to Count Three of an Indictment charging him with Possession with Intent to Distribute 40 Grams or More of Fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi).

Based upon the answers given by the defendant under oath and in the presence of counsel; the remarks of defense counsel and counsel for the government; and the written representations in the plea agreement, I find the following:

- That the defendant understands he was under oath and that to the extent he provides any false statements, he understands he may be prosecuted by the government for perjury or making a false statement and that the government may use the substance of those statements in any such prosecution;

- that the defendant is competent to plead and understands his right to plead not guilty, and having already so pleaded, his right to persist in that plea;

1

- that he understands the nature of the charge against him in Count Three of the Indictment to which he pleaded guilty;

- that he knows he has the right to be represented by counsel at trial and at every other stage of the proceeding, and, if necessary, have the court appoint counsel at no cost to him, and is satisfied with his current counsel;

- that he understands his right to trial by jury, including the right to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, to compel the attendance of witnesses, and to a jury determination of whether the government proved beyond a reasonable doubt the quantity of fentanyl alleged in Count Three of the Indictment, and that he understands he would be giving up these rights if he pleaded guilty and the Court accepts his plea;

- that he knows the maximum possible sentence that could be imposed as to the charge to which he pled guilty, including the maximum possible terms of imprisonment and supervised release, that he knows the mandatory minimum periods of incarceration and supervised release which apply to the offense to which he pleaded guilty, as well as the consequence of a violation of supervised release, the maximum potential fine that could be imposed, the mandatory special assessment of $100, and that the Court has the authority to order restitution to any victims of the offense, although the government acknowledged that restitution does not specifically apply in this case.  He also understands that the Court, as part of any sentence imposed, has the authority to order forfeiture of items used to facilitate the offense and property acquired with proceeds of the offense, though the government acknowledged that forfeiture is not specifically at issue in this case.

- that he knows that the Court is obligated to consider the advisory sentencing guidelines range, possible departures under the sentencing guidelines, and other sentencing factors under applicable sentencing law, and that any factual disputes at sentencing will be resolved by the Court

by a preponderance of the evidence or that the Court may choose not to resolve them;

- that he understands the potential immigration consequences of a felony conviction, including likely removal from the United States because he is not a United States citizen and still wished to plead guilty knowing that consequence, and that he also understands the other collateral consequences of a felony conviction;

- that he knows he will not be permitted to withdraw his plea of guilty if the calculation of the sentencing guidelines or the sentence ultimately imposed is other than he anticipates;

- that he understands the terms of his plea agreement;

- that he understands his right to appeal, including limitations placed on that right by the terms of a waiver of rights to appeal/collateral attack in his plea agreement, and that such waiver is knowing and voluntary;

- that the defendant understands the elements of the offense to which he pleaded guilty, which the government is required to prove beyond a reasonable doubt at a trial, and that there is a factual basis for the defendant's plea to Count Three of the Indictment; and

- that the defendant's waiver of rights and plea of guilty has been knowingly and voluntarily made, are of his own free will, were not coerced and were not the product of any other promises other than those contained in the plea agreement.

The Court also finds that, based on the representations of government counsel, there are no parties who had rights in regard to this proceeding under 18 U.S.C. § 3771.

Accordingly, I hereby RECOMMEND that the defendant's plea of guilty to Count Three of the Indictment, that is, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi) be accepted.

Dated this 7th day of May, 2024, at Bridgeport, Connecticut.

/s/ S. Dave Vatti

S. Dave Vatti,
United States Magistrate Judge