**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | NO. 3:23-CR-151 (KAD) |
| | : | |
| v. | : | |
| | : | |
| JOSE DE JESUS VEGA CERVANTES | : | April 28, 2026 |

**MEMORANDUM OF DECISION**
**RE: DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF NO. 72)**

Kari A. Dooley, United States District Judge:

Defendant Jose De Jesus Vega Cervantes has moved *pro se* pursuant to 18 U.S.C. § 3582(c)(1)(A) for an order of compassionate release from confinement in light of, *inter alia*, his post-sentencing rehabilitation as well as the inadequate medical care he is purportedly receiving from the Bureau of Prisons ("BOP"). Mr. Vega Cervantes pled guilty to narcotics trafficking charges related to his distribution of hundreds of grams of fentanyl to a confidential source and possession of a one-kilogram brick of fentanyl that he had intended to sell to the same confidential source. He was sentenced on August 8, 2024, to 48 months incarceration to be followed by 3 years of supervised release. *See* J., ECF No. 70. The Government opposes Mr. Vega Cervantes' motion on the grounds that he has failed to show extraordinary and compelling reasons warranting a sentence reduction and because the § 3553(a) factors counsel against release. *See* Opp., ECF No. 74. For the reasons that follow, the motion is DENIED.

**Standard of Review**

A court may modify a term of imprisonment on compassionate release grounds in two circumstances: (1) upon motion of the Director of the Bureau of Prisons, or (2) upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the

receipt of such a request by the warden of the defendant's facility, whichever is earlier.  18 U.S.C. § 3582(c)(1)(A).  Mr. Vega Cervantes avers that he requested compassionate release on October 1, 2025, and that 30 days passed before he filed the instant motion, which is dated December 15, 2025.  The government accepts this averment.  Opp., ECF No. 74 at 5.

Upon exhaustion of a defendant's administrative remedies, § 3582(c)(1)(A) provides that a district court "may reduce" a defendant's term of imprisonment "after considering the factors set forth in section 3553(a)," if it finds "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A); *United States v. Brooker*, 976 F.3d 228, 235 (2d Cir. 2020).  A district court's "reasonable evaluation of the [s]ection 3553(a) factors is 'an alternative and independent basis for denial of compassionate release.'"  *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (quoting *United States v. Robinson*, 848 F. App'x 477, 478 (2d Cir. 2021) (summary order)).

As indicated above, Mr. Vega Cervantes pled guilty to possession with intent to distribute more than 40 grams of fentanyl.  The actual quantity involved was in excess of a kilogram of fentanyl.  At sentencing, Mr. Vega Cervantes' advisory guideline range was 46 to 57 months of imprisonment.  Only sixteen months after sentencing, Mr. Vega Cervantes filed the instant motion wherein he essentially asks the Court to reconsider his sentence.  But in so doing, he has failed to show extraordinary and compelling reasons for a sentence reduction and nor has he demonstrated that the statutory factors support such a reduction.

**Discussion**

*Inadequate Medical Care*

Mr. Vega Cervantes moves for compassionate release on the basis that he has received inadequate medical care for numerous medical conditions including "severe diabetes, which has resulted in a loss of eyesight caused by cataracts and a detached retina." Mot. to Reduce Sentence, ECF No. 72 at 5. Mr. Vega Cervantes specifies that he underwent surgery on his left eye, but will lose eyesight in his right eye due to a detached retina if he does not undergo surgery for that eye as well. *Id.*

A defendant bears the burden of establishing that the circumstances warrant a sentence reduction. *See, e.g.*, *United States v. Ebbers*, 432 F. Supp. 3d 421, 426–27 (S.D.N.Y. 2020) (citing *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992)). Mr. Vega Cervantes identifies that courts in other districts have found a detached retina and vision loss to be serious medical needs. *See* Mot. to Reduce Sentence, ECF No. 72 at 6. However, the cases Mr. Vega Cervantes cites do not address the propriety of compassionate release and the seriousness of his condition, while a factor, is not sufficient on its own to warrant a reduction in sentence. *Cf.*, *United States v. Burman*, No. 16 Cr. 190 (PGG), 2020 WL 3182766, at *1, 5–6 (S.D.N.Y. June 13, 2020) (denying compassionate release during the COVID-19 pandemic for lack of extraordinary and compelling reasons despite the defendant's alleged medical conditions of diabetes and a detached retina).

And although the medical conditions that Mr. Vega Cervantes allegedly suffers from may, indeed, be serious, he offers no evidence or documentary support for his assertions. He does not include his medical records from the BOP revealing any diagnosis, treatment or lack thereof. The Court simply has no basis upon which to assess his medical needs or the adequacy of the treatment he is receiving. *See United States v. Star*, No. 20-1999, 2022 WL 2165895, at *1 (2d Cir. June 16,

3

2022) (summary order) (citing *Butler*, 970 F.2d at 1026) (affirming the denial of a compassionate release motion where the defendant did not provide any medical records to demonstrate the severity of his conditions).  And it is worth observing that his allegations are contradicted by the Presentence Investigation Report which indicates that Mr. Vega Cervantes' diabetes is managed with prescription medication.  PSR, ECF No. 55 at 12 (SEALED).  Accordingly, the Court does not and cannot accept Mr. Vega Cervantes' unsworn and unsupported allegations as a basis for compassionate release.  *See United States v. Suarez*, No. 11-CR-836 (VSB), 2025 WL 2627872, at *4 (S.D.N.Y. Sept. 12, 2025).

*Section 3553(a) Factors*

Even if the Court agreed that Mr. Vega Cervantes' medical condition provides an extraordinary and compelling reason for compassionate release, the Court must still "consider[] the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A).  Those factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" to serve the various purposes of sentencing; (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" (4) the applicable sentencing guideline range; and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).  The factors counsel against release.

The Court considered the § 3553(a) factors at the time of sentencing when the Court decided to impose 48 months of incarceration — on the lower end of the guidelines range — and it is not persuaded that the analysis leads to a different result now.  The Court was of the view then, and remains of the view now, that Mr. Vega Cervantes — who possessed over a kilogram of fentanyl — is a danger to the community.  The sentence of 48 months was necessary to promote

4

respect for the law, protect society from the defendant, impose appropriate punishment, and provide both specific and general deterrence.  It was determined to be sufficient, though no greater than necessary, to serve the purposes of sentencing.  Although the Court is encouraged by Mr. Vega Cervantes' rehabilitation efforts while in custody, those efforts do not meaningfully impact the Court's analysis of the statutory factors.  For the reasons articulated at sentencing and upon due consideration of the § 3553(a) factors, the Court concludes that a sentence reduction is not warranted.

**Conclusion**

For the foregoing reasons, Mr. Vega Cervantes' motion for compassionate release, ECF No. 72, is DENIED.

**SO ORDERED** at Bridgeport, Connecticut, this 28th day of April 2026.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

5